```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF ALABAMA
                        NORTHERN DIVISION


ROBERT D. THOMAS,                   :
                                    :
     Plaintiff,                     :
                                    :
vs.                                 :      CIVIL ACTION 15-0214-M
                                    :
CAROLYN W. COLVIN,                  :
Commission of Social Security,      :
                                    :
     Defendant.                     :
```

MEMORANDUM OPINION AND ORDER

Pending before the Court is Thomas's Attorney's Application for Attorney Fees Under the Equal Access to Justice Act (hereinafter *EAJA*), with supporting Documentation (Doc. 26), and Defendant's Response (Doc. 27).  After considering the pertinent pleadings, it is **ORDERED** that the Application be **DENIED**.

Plaintiff filed this action on April 20, 2015 (Doc. 1).  On February 17, 2016, the undersigned Judge entered a Memorandum Opinion and Order, reversing the decision of the Commissioner and remanding this action for further proceedings (Doc. 24).  Judgment was entered in favor of Plaintiff and against Defendant (Doc. 25).

On March 18, 2016, William T. Coplin, Jr., Plaintiff's

1

Attorney, filed an EAJA Fee Application requesting a fee of $1,999.41, computed at an hourly rate of $189.40 for 10.15 hours spent in this Court (Doc. 26). Defendant, in her Response filed on April 1, 2016, stated her objection to the Motion, arguing that the Government's litigation position on the issues raised in this Court was substantially justified (Doc. 27).

The EAJA requires a court to

> award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of Agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). EAJA requires a prevailing party to file an application for attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The court's judgment becomes final sixty days—the time an appeal may be taken pursuant to Fed.R.App.P. Rule 4(a)—after it is entered. *See Shalala v. Schaefer*, 509 U.S. 292 (1993).

Three statutory conditions must be satisfied before EAJA fees may be awarded. *See Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990). First, the claimant must file a fee

2

application within the thirty-day period following the entry of final judgment.  Second, the claimant must be a prevailing party.  Third, the Government's position must not be substantially justified.

With regard to this last condition, the Government must fail "to establish that its positions were 'substantially justified' or that there exist 'special circumstances' which countenance against the awarding of fees." *Myers*, 916 F.2d at 666 (interpreting and referring to 28 U.S.C. § 2412(d)(1)(A)).  That means that the Government must show that there was a "reasonable basis both in law and fact" for the positions it took.  *Myers*, 916 F.2d at 666 (citations omitted).  The Court notes that "[a]n examination of whether the government's position was substantially justified encompasses an evaluation of both the agency's prelitigation conduct and the subsequent litigation positions of the Justice Department. . . . Unless the government can establish that all of its positions were substantially justified, the claimant is entitled to receive attorney's fees." *Myers*, 916 F.2d at 666 n.5 (citations omitted).  Though Defendant bears the burden of showing that its position was substantially justified, "[t]he fact that the government lost its case does not raise a presumption that the

government's position was not substantially justified." *Ashburn v. United States*, 740 F.2d 843, 850 (11th Cir. 1984).

Defendant, in her response, apparently concedes that Thomas has satisfied the first two requirements of the analysis for awarding an EAJA fee by posing no objections (Doc. 27). The Government does argue, however, that there was a reasonable basis in law and fact for the Commissioner's position and, on that basis, that the application should be denied.

In the Memorandum Opinion and Order, dated February 17, 2016, in which the Court reversed and remanded this action for further administrative review, the Court found as follows:

> The Appeals Council is not required "to give a detailed rationale for why each piece of new evidence submitted to it does not change the ALJ's decision." *Mitchell v. Commissioner of Social Security Administration*, 771 F.3d 780, 784 (11th Cir. 2014). However, the Council is required "to apply the correct legal standards in performing its duties." *Id.*
> The Court finds that there is nothing in the Appeals Council's denial to indicate that it properly considered whether the newly-submitted evidence met the requirements of Listing 12.05C. As the Council has not provided reasoning sufficient for this Court to determine that it conducted proper legal analysis under *Mitchell*, the Appeals Council decision must be reversed. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991) ("The Secretary's failure to apply the correct law

> or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal").

(Doc. 24.p. 18).

Defendant has strenuously objected to this language, arguing that the Court conflated "two kinds of procedurally distinct cases: cases in which the Appeals Council denies review, on one hand, and cases where the Appeals Council grants review and issues a decision, on the other" (Tr. 27, p. 3). The Government goes on to point out that, in this action, the Appeals Council denied review, so it was unnecessary for it to explain its reasoning (Tr. 27, p. 4). The Court acknowledges that *Mitchell* fully supports that argument.

However, the language used by the Court, quoted above, came from an unpublished Eleventh Circuit opinion, *Hethcox v. Commission of Social Security*, No. 15-11638 (11th Cir. December 16, 2015). *Hethcox* was an action filed in this Court, brought by a claimant[1] challenging the administrative decision to deny disability benefits; one of the claims raised in that action was that the Appeals Council had failed to properly considered new

---

[1] The Court notes that the attorney representing Hethcox, coincidentally, was William T. Coplin, Jr., the same attorney seeking EAJA fees in this Motion.

5

evidence, including educational records and an IQ test on which the claimant had a Full Scale IQ score of 67. *Hethcox v. Colvin*, 14-0274-M (S.D. Ala. February 9, 2015). The undersigned found no merit in Plaintiff's claim. However, the Eleventh Circuit Court of Appeals determined that the Appeals Council had not properly considered the new evidence and reversed this Court's decision. *Hethcox v. Commission of Social Security*, No. 15-11638 (11th Cir. December 16, 2015).

In this action, *Thomas*, the Court found the facts regarding the claim that the Appeals Council had not properly considered newly-submitted evidence quite similar to the facts of *Hethcox*. In both actions, the Appeals Council had denied review of the evidence that included IQ scores indicating the possibility of a finding of disability under Listing 12.05C. Though the Court found no merit in the claim in *Hethcox*, the Appellate Court's reversal focused this Court's attention to the proper analysis for such a claim.[2] In this action, the Court relied on—and applied—the Eleventh Circuit *Hethcox* analysis, finding for Taylor.

---

[2]The undersigned acknowledges that this Court did not use the appropriate analysis in *Hethcox* in that it included a "good cause" component, a requirement that comes under consideration when the new evidence is first submitted to the Court, as opposed to the Appeals Council.

The Court provides this history lesson as an acknowledgment of—and agreement with-the Government's assertion that it was substantially justified in arguing its position with regard to the claim raised by Thomas.  Though it found for Plaintiff, and against the Government, the Court finds that there was a reasonable basis for the Defendant to have pursued its defense of the claim.  As such, the Court finds that the Government's legal arguments in this action were substantially justified.  Therefore, Plaintiff's Attorney has not satisfied the three EAJA statutory requirements necessary to receive Attorney's fees.

In conclusion, it is **ORDERED** that Plaintiff's Application for Attorney Fees Under EAJA be **DENIED** (Doc. 26).

DONE this 20th day of April, 2016.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE